FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PINKNEY CARTER

    *Petitioner,*

v.

Case No.: 3:15-cv-1198-J-32PDB
L.T. No.: 16-2004-CF-730

JULIE L. JONES

    *Respondent,*

_____/

## MOTION TO STAY PROCEEDINGS PENDING DETERMINATION OF *HURST V. FLORIDA*

Petitioner, **PINKNEY CARTER**, by and through his undersigned counsel, respectfully moves this Honorable Court to stay proceedings pending determination of *Hurst v. Florida*, and support thereof asserts:

1. Petitioner is currently charged with First Degree Murder. The State of Florida is seeking the death penalty.

2. During pendency of this case, the United States Supreme Court granted certiorari to hear the matter of *Hurst v. Florida*, SC14-1705. See Hurst v. State, 147 So.3d 435 (Fla. 2014), *cert. granted*, Hurst v. Florida, 135 S. Ct. 1531 (2015). The order granting certiorari specified: "The motion of petitioner for leave to proceed in forma pauperis is granted. The petition for a writ of ceritiorari is granted limited to the following question: Whether Florida's death

sentencing scheme violates the Sixth Amendment or the Eighth Amendment in light of this Court's decision in Ring v. Arizona, 536 U.S. 584 (2002)."

3. The constitutional question in Ring, supra, to be addressed in Hurst, has been fully preserved in this case. Petitioner has argued in State courts that the death penalty for Mr. Carter's claim should be dismissed on numerous grounds such as:

 a. The statutory scheme does not require a unanimous jury finding supporting the imposition of the death penalty;

 b. The statutory scheme does not require specific unanimous jury findings as to which any aggravating circumstance warrants imposition of the death penalty;

 c. The statutory scheme does not require aggravating circumstance(s) to be alleged in the indictment;

 d. The statutory scheme does not require a special verdict in the penalty phase;

 e. The statutory scheme does not require a non-advisory sentence by the jury;

 f. The statutory scheme permits the judge alone to assign weight to mitigating circumstances;

g.  The statutory scheme does not mandate that all of a defendant's mitigating circumstances be listed for a jury finding;

h.  The statutory scheme permits the judge alone to make the decisions as to the applicability of aggravating circumstances, as to the applicability of mitigating circumstances and as to the imposition of the death penalty;

i.  The statutory scheme impermissibly imposes a burden of proof or persuasion on the defense for mitigating circumstances;

j.  The statutory scheme requires that the mitigating circumstances must outweigh the aggravating circumstances;

k.  The statutory scheme does not provide for a special jury finding of which aggravating circumstance has been proven beyond a reasonable doubt.

The foregoing issues are precisely the matters currently before the United States Supreme Court in Hurst. A strong likelihood exists that Florida's death penalty scheme will be found unconstitutional in light of the Court's decision to grant certiorari with the all-encompassing question: *Whether Florida's death sentencing scheme violates the Sixth Amendment or the Eight Amendment in light of this Court's decision in Ring v. Arizona, 536 U.S. 584 (2002).*

**WHEREFORE**, it is respectfully request that this Court stay proceedings pending determination of Hurst.

**Respectfully submitted,**
**TASSONE & DREICER, LLC**

/s/ Frank J. Tassone
FRANK J. TASSONE, ESQUIRE
Bar No. 165611
1833 Atlantic Boulevard
Jacksonville, Florida 32207
P: 904.396.3344
F: 904.396.3349
Email: frank@tassonelaw.com
**ATTORNEY FOR PETITIONER.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies of the foregoing have been furnished to the U.S. District Court, Middle District of Florida, Jacksonville Division, in Jacksonville, Florida, Bernie De La Rionda at brionda@coj.net, and Charmaine Millsaps at charmaine.millsaps@myfloridalegal.com by electronic filing on the CM/ECF system this 7th day of October, 2015.

/s/ Frank J. Tassone
FRANK J. TASSONE, ESQUIRE

4